**Zuse HONIKMAN, Appellant,**
**v.**
**RUEDD, INC., et al., Appellees.**
**No. 22643.**

United States Court of Appeals
Fifth Circuit.
July 26, 1966.
Rehearing Denied Aug. 29, 1966.

**840**

J. M. Flowers, Miami, Fla., for appellant.

W. G. Ward, Ward & Ward, Miami, Fla., for appellees.

Before WISDOM and COLEMAN, Circuit Judges, and HUGHES, District Judge.

PER CURIAM:

In this diversity action a minority stockholder in a Florida corporation presents the following question: May the capital stock of a Florida corporation, without the consent of all its shareholders, be increased by charter amendment even though that charter contains no provision for amendment of any kind?

Appellant, owner of 25% of Ruedd, Inc., sought to have declared void the action of the Board of Directors of Ruedd authorizing issuance of an additional 450 shares of common stock. The proposed increase was submitted to and approved by 75% of the stockholders. Appellant contends, however, that under the corporate charter and laws of Florida the proposed increase is void.

Ruedd's corporate charter contains no provision as to the vote required for charter amendment, so appellant argues that applicable Florida law requires 100% stockholder approval.

Pertinent parts of Section 608.18, Florida Statutes, F.S.A., are as follows:

"608.18 Amendments; reduction of capital distribution

(1) Any corporation having capital stock may amend its certificate of incorporation in any respect, provided that only such provisions shall be inserted by amendment as would be lawful and proper in an original certificate of incorporation made at the time of making such amendment. Every amendment shall be approved by the board of directors, proposed by them to the stockholders and approved at a stockholders' meeting by such proportion, not less than a majority, of the stock entitled to vote thereon as may be provided in the certificate of incorporation. * * *

* * * * *

(4) Without in any way limiting the authorization contained in the first sentence of subsection (1) of this section, the amendment may increase or reduce by any amount the authorized number of shares of any kind, class or series of stock, change the par value of shares of any class having par value, or change shares of a class having par value into the same or a different number of shares without par value * *."

It clearly appears that the purpose of Section 608.18(4) is to permit the authorization of additional stock by charter amendment, while Section 608.18(1) requires that the amendment be approved by the Board of Directors, submitted to the stockholders, and approved by a majority of the voting stock. There being no charter requirement to the contrary, unanimous approval is not essential. Appellant contends that Section 608.18(8) of the Florida statutes is to the contrary, but we are of the opinion that this section merely provides for charter amendment in a procedure in which no stockholders meeting is contemplated.

The District Court held that the Florida corporation statute specifically permits a capital stock increase amendment of a charter by the majority of the shares, and further held that such statutory authorization is applicable and binding upon all Florida corporations as if included in the charter itself. The complaint was dismissed. The decision

of the trial court was correct. The statutory corporation law governs amendments to the charter in the absence of special restrictions in the original charter. Section 608.18(1) does not deviate from this general rule of Florida law, Cf. Therrel v. Reilly, 1933, 111 Fla. 805, 151 So. 305.

On October 22, 1965, the defendants moved to dismiss this appeal on the ground that the plaintiff's entire argument was based on a misunderstanding of the respective dates of the charter and the applicable corporation statute. We ordered that motion to be carried with the case. Having decided the case on its merits we find it unnecessary to pass upon the motion.

Affirmed.